

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Marvin Hall,
Fire Insurance Commissioner,
Board of Insurance Commissioners
Austin, Texas

                                  Attention: Mr. Girard Kinney
                                  Opinion No. O-1931

Dear Sir:                   Re: Is the Board of Insurance
                                  Commissioners authorized
                                  to grant a general agent's
                                  license to an organization
                                  whose business is insurance
                                  management when that organi-
                                  zation has assumed or is
                                  contemplating assuming cor-
                                  porate entity?

       You request for an opinion on the above stated question has been received by this department.

       Your letter reads as follows:

       "A question has arisen in this Department as to whether or not general insurance agents whose duties are of a supervisory nature may be incorporated.

       "We find by checking the Secretary of State's records that none of the fifty-five general agents licensed by this Department are incorporated to operate in the insurance business. Several of the organizations are incorporated to engage in a subsidiary business such as loans, brokerage, et cetera, for example, Richard Gill & Company, San Antonio, is incorporated to engage in the loan business; however, the same individuals operate an insurance agency but this business is not incorporated. An examination of the charter issued to this business reveals that the purpose clause does not include any insurance activities.

¹NICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"We are advised by the Secretary of State's office that that office has repeatedly declined to incorporate any business which stated as its purpose insurance.

"We find that in at least one case tried before the courts prior to the enactment of the Agents' Licensing Law (Article 5062A) in 1931, it was decided that the Board could not refuse to license a corporation; however, under Section 5 of Article 5062A the Legislature has stated: 'The Board shall not issue a license to a corporation.'

"However, under Section 12 of this same Article, general agents are excluded from all the provisions of the Act - 'No provision of this Act shall apply to ... any general agent or state agent or branch manager representing an admitted and licensed insurance company or carrier or insurance companies or carriers in a supervisory capacity.'

"It has, therefore, been the attitude of this Department for sometime that should a corporation apply for license to operate in the general insurance business as general agents a license should be granted.

"We respectfully submit to you the question: Is the Board of Insurance Commissioners authorized to grant a general agent's license to an organization whose business is insurance management when that organization has assumed or is contemplating assuming corporate entity?"

Article 5062A, Vernon's Annotated Civil Statutes reads in part as follows:

"Sec. 1. Insurance agents, as that term is defined in the laws of the State, shall for the purpose of this Act be divided into two classes; Local Recording Agents and Solicitors.

"Sec. 2. By the term 'Local Recording Agent' is meant a person or firm engaged in

soliciting and writing insurance, being author-
ized by an Insurance Company or Insurance Carrier,
including Fidelity and Surety Companies, to
solicit business and to write, sign, execute and
deliver policies of insurance, and to bind com-
panies on insurance risks, and who maintain an
office and a record of such business and the
transactions which are involved, who collect pre-
miums on such business and otherwise perform the
customary duties of a Local Recording Agent re-
presenting an Insurance Carrier in its relation
to the public.

"By the term 'Solicitor' is meant a person
officing with, and engaged in, soliciting insur-
ance on behalf of a Local Recording Agent, who
does not sign and execute policies of insurance,
and who does not maintain company records of such
transactions. This shall not be construed to make
a Solicitor of a Local Recording Agent who places
business of a class which the rules of the com-
pany or carrier require to be placed on applica-
tion or to be written in a supervisory office.

"Sec. 3. When any person or firm shall de-
sire to engage in business as a Local Recording
Agent for an Insurance Company or Insurance
Carrier, he shall make application for a license
to the Board of Insurance Commissioners, in such
form as the Board may require, and such license
may be issued by said Board in the form prepared
by it when he shall be found of good character
and good reputation. The Board is authorized to
issue licenses to firms or to individuals engag-
ing as partners in the insurance business provid-
ed the names of all persons interested in such
firm are named in the license, and provided, fur-
ther, that all licensed agents must be residents
of Texas. Provided, that a person who may reside
in a town through which the State line may run
and whose residence is in the town in the adjoin-
ing State may be licensed, if he has during the
last preceding two years been licensed by the
State, and if his business office has been and is
being maintained in this State. The Board shall
not issue a license to a corporation.

"Sec. 12. No provision of this Act shall
apply to the Life Insurance business or the Life
Department of the companies engaged therein, nor
shall it apply to any of the following, namely:

Hon. Marvin Hall, page 4

    (d) Any General Agent or State Agent or Branch Manager representing an admitted and licensed Insurance Company or Carrier, or Insurance Companies or Carriers in a supervisory capacity."

    Article 1302, Vernon's Annotated Civil Statutes, which specifies the purposes for which private corporations may be formed, does not authorize insurance agents whose duties are of a supervisory nature to incorporate. Section 3 of Article 5062A, supra, specifically provides that "the Board shall not issue a license to a corporation". Under Section 12 of the same Article, general agents are excluded from all the provisions of the Act, providing in part that "no provision of this Act shall apply to ... any general agent or state agent or branch manager representing an admitted and licensed Insurance Company or Carrier, or Insurance Companies or Carriers in a supervisory capacity". However, as above stated, Article 1302, supra, does not authorize general insurance agents whose duties are of a supervisory nature to incorporate. We do not think that Section 12 of Article 5062A, supra, authorizes the incorporation of general insurance agents for the purposes above indicated. Although such agents are excluded from all the provisions of the Act under Section 12 of Article 5062A, supra.

    In view of the foregoing statutes, you are respectfully advised that it is the opinion of this department that your question must be answered in the negative.

    Trusting that the foregoing fully answers your inquiry, we remain

          Yours very truly

        ATTORNEY GENERAL OF TEXAS

        By              Ardell Williams
                         Assistant

APPROVED FEB 19, 1940

AW:jm

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN